IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 17-CV-02090

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2017 AUG 31 AM 10: 23
JEFFREY P. COLWELL
CLERK
BY_____DEP. CLK

MARCIE R. SALMON,
Plaintiff

Vs.

CAPITAL ONE BANK (USA), N.A.
A wholly owned subsidiary of
CAPITAL ONE FINANCIAL CORPORATION,
Defendant(s)

---

## COMPLAINT AND JURY TRIAL DEMAND

---

Plaintiff MARCIE SALMON ("SALMON"), hereby submits the following civil complaint against the Defendant(s) CAPITAL ONE BANK (USA), N.A and CAPITAL ONE FINANCIAL CORPORATION ("CAPITAL ONE"), an in support states:

### JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1331 since the claims arise under federal law, specifically the Truth on Lending Act (TILA) 15 U.S.C. 1601 et seq and Regulation Z 12 CFR 1026 et seq, the Credit Card Accountability Responsibility and Disclosure Act (Credit Card Act) et seq, and the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 et seq.

2. Venue is proper under 28 U.S.C § 1391 since the substantial part of the violations, damages, and issues give rise to the claim occurred within the Unites States District Court, Marcie Salmon is a legal resident of the State of Colorado, and the Defendant(s) conduct business within the State of Colorado.

## PARTIES

3. Marcie Salmon is an individual, natural person, and a Consumer as defined who resides in Colorado and is the Plaintiff in this cause of action.

4. Capital One Bank (USA), N.A. a wholly owned subsidiary of Capital One Financial Corporation is/ are a US domestic corporation authorized to conduct business in Colorado, is currently conducting business in Colorado with the Plaintiff, and has no apparent registration in the State of Colorado and no known registered agent in the State of Colorado.

5. Capital One Bank (USA), N.A. a wholly owned subsidiary of Capital One Financial Corporation is registered with the State of Delaware and Virginia and can be located at its headquarters located at: 1680 Capital One Drive McLean, Virginia 22102 in care of General Counsel Mr. John G Finneran, Jr.

## BACKGROUND RELATING TO PLAINTIFF'S CLAIM

6. The Plaintiff Salmon applied for and was approved for a Credit Card with the Defendant(s) Capital One sometime in late October 2014 and the Defendant(s) issued a Credit Card with the following account number: 5178-8058-3984-**7909** with a credit limit starting with $300.00 and it included Rewards and Interest free for a time period. At the time the account was opened the Plaintiff was a legal resident of the State of Texas and then the Plaintiff moved and became a legal resident of the state of Colorado in November 2015 and the account remained opened and in use by the Plaintiff until the Plaintiff closed the account at her request approximately late January 2017. During the time the account was opened the Defendant(s) increased the Interest Rate 4 times without the required 45 day notice in writing prior to raising the interest rate, the Plaintiff was never late or in default.

During the time the Plaintiff's account was opened the credit limit was increased twice, yet the Plaintiff suffered adverse damage to the Plaintiff's credit reports with information furnished by the Defendant(s) that was inaccurate. The Defendant(s) changed the billing due date and charged the Plaintiff late fees when the payment was not late. The Plaintiff usually paid more than the minimum payment required as well.

7. The Plaintiff Salmon applied for and was approved for a SECOND Credit Card with the Defendant(s) Capital One sometime in late April 2015 and the Defendant(s) issued a Credit Card with the following account number: 5178-0599-8540-**9011** with a credit limit starting with $500.00 and it included Rewards and Interest free for a time period. At the time the account was opened the Plaintiff was a legal resident of the State of Texas and then the Plaintiff moved and became a legal resident of the state of Colorado in November 2015 and the account remained opened and in use by the Plaintiff until the Plaintiff closed the account at her request approximately late June 2017. During the time the account was opened the Defendant(s) increased the Interest Rate 3 times without the required 45 day notice in writing prior to raising the interest rate, the Plaintiff was never late or in default. During the time the Plaintiff's account was opened the credit limit was increased once, yet the Plaintiff suffered adverse damage to the Plaintiff's credit reports with information furnished by the Defendant(s) that was inaccurate. The Defendant(s) changed the billing due date and charged the Plaintiff late fees when the payment were not late. The Plaintiff usually paid more than the minimum payment required as well. The Plaintiff attempted on several occasions to address the interest rate increases with no 45 day written notice, the late fees that when payments were not late when the Plaintiff called and spoke to Customer Service Representatives, but it was not cured appropriately by the Defendant(s). In fact the Plaintiff has Customer Service giggle at the Plaintiff and claim they did not know of the

Credit Card Act or its provisions and they did nothing once the Plaintiff (Consumer) notified the Defendant(s) of the non-compliance issues. The Plaintiff was upset as she had always paid her credit card bill on time and paid more the minimum payment amount requested by the Defendant(s). The Plaintiff was also angry that the Customer Service agents for the Defendant(s) had giggled at her. The Plaintiff has suffered adverse action and damage to her credit reports as a result of the Defendant(s) actions.

## FIRST STATEMENT OF CLAIMS

8. Plaintiff's Claim for Relief for Capital One Credit Card Account ending in **7909**: 15 U.S.C.§ 1601 – Truth In Lending Act (TILA), 12 CFR 1026 - Regulation Z, and including the Credit Card Accountability Responsibility and Disclosure Act (Credit CARD Act) hereby states as follows:

9. For the year 2015, the Plaintiff paid more than the minimum payment and made payment's on time or before the due date for the year 2015. The Plaintiff was charged fees in the amount of $95.00, member fees in the amount of $70.00 and total interest charged in the amount of $31.44 for the year 2015. The disclosed interest rate at the beginning of the credit card account ending in 7909 was 22.90% and was not changed for the year 2015.

10. For the last 3 months of 2015, the Plaintiff received a statement dated Dec 05, 2015 where the Plaintiff noticed changes to the terms and conditions of the credit card account ending in 7909. The Defendant(s) were showing the account was over the limit by $160.79 and had reported such to the credit bureaus as furnishers. The Defendant(s) were still mailing the Plaintiff's statements to the old address and it was not being forwarded as instructed. And on that statement had charged the Plaintiff $12.55 for interest that was not for actual charges made by the Plaintiff.

4

11. On the statement dated Jan 05, 2016, the Plaintiff noticed the interest rate was INCREASED to 23.15% from 22.90% with NO 45 DAY WRITTEN NOTICE beforehand, the Plaintiff was NOT in default and the Defendant(s) FAILED or REFUSED to send the required by 45 day notice in writing before the increase of the interest rate became effective. The Plaintiff raised questions and concerns when speaking to customer service by telephone upon receipt of the statement. The Defendant(s) also continued to report the Plaintiff was inaccurately over the credit limit to the credit report bureaus, causing adverse and damage to the Plaintiff's credit.

12. On the statement dated Feb 08, 2016, the Plaintiff noticed the billing date and billing cycle was changed by the Defendant(s), this also changing the DUE date of the payment as well.

13. For the next 8 monthly statements the Plaintiff paid more than the minimum and no changes were made by the Defendant(s) without notice to the Plaintiff, however the Defendant(s) did not send a monthly statement for the June 2016 and the Plaintiff has no explanation as to why. The Plaintiff received a Credit Limit increase to $600.00 in September 2016. The Plaintiff was charged fees in the amount of $39.00 and interest in the amount of $107.77 for the year 2016.

14. For the year 2017, the Plaintiff noticed the following issues and violations by the Defendant(s):

15. Statement dated Dec 08, 2016 the Defendant(s) reported the Plaintiff's account was over the limit although it was not due to charges made to the account.

16. Statement dated Jan 08, 2017 the Defendant(s) for the SECOND time INCREASED INTEREST RATE to 23.40% from 23.15% with NO 45 DAY WRITTEN NOTICE to the Plaintiff before becoming effective. The Plaintiff was not in default. Also the account was

CLOSED in January 2017 by the Plaintiff.

17. Statement dated April 08, 2017, the Defendant(s) for the THIRD time INCREASED INTEREST RATE to 23.65% from 23.40% with NO 45 DAY WRITTEN NOTICE to the Plaintiff before becoming effective. The account had been CLOSED for 4 months and the Plaintiff had been making the payments on time and was not late or in default.

18. On the statement dated May 11, 2017, the Plaintiff noticed the billing date and billing cycle was changed by the Defendant(s), this also changing the DUE date of the payment as well. This is the SECOND time the billing date and billing cycle was changed by the Defendant(s) in 15 months and this time on a closed account.

19. Statement dated July 11, 2017, the Defendant(s) for the FOURTH time INCREASED INTEREST RATE to 23.90% from 23.65% with NO 45 DAY WRITTEN NOTICE to the Plaintiff before becoming effective. The account had been CLOSED for 7 months and the Plaintiff had been making the payments on time and was not late or in default.

## SECOND STATEMENT OF CLAIMS

20. Plaintiff's Claim for Relief for Capital One Credit Card Account ending in **9011**: 15 U.S.C.§ 1601 – Truth In Lending Act (TILA), 12 CFR 1026 - Regulation Z, and including the Credit Card Accountability Responsibility and Disclosure Act (Credit CARD Act) hereby states as follows:

21. The account ending in 9011 was opened on or about the month of May 2015 and the Plaintiff was charged a Member fee of $39.00 on the first statement dated June 21, 2015. Nothing adverse occurred during between May 2015 to September 21, 2015. The initial interest rate is 22.90%, however no interest is charged for the year 2015.

6

22. Statement dated October 21, 2015; the Defendant(s) reported that the Plaintiff was over the limit to credit bureaus', although, the Plaintiff was NOT over the limit due to actual charges to the account, this was because the Defendant(s) charged a past due late fee for a payment that WAS NOT late at all. The payment was due on October 18, 2015 and the payment was actually made on October 3, 2015 (15 day before it was due). This past due late fee caused the balance to exceed the credit limit and was not the fault or default of the Plaintiff. The Plaintiff also paid more than the minimum payment due as well.

23. For the last 3 months of 2015, the Plaintiff received a statement dated Dec 18, 2015 where the Plaintiff noticed changes to the terms and conditions of the credit card account ending in 9011. The Defendant(s) were showing the account was over the limit by $18.79 and had reported such to the credit bureaus as furnishers. The Defendant(s) were still mailing the Plaintiff's statements to the old address and it was not being forwarded as instructed. And on that statement had charged the Plaintiff $89.00 for fees that was not for actual charges made by the Plaintiff.

24. For the year 2016 the following violations for account ending in 9011 by the Defendant(s):

25. Statement dated January 24, 2016, the billing date and billing cycle date changed without any prior notice. Also the Defendant(s) changed the Interest Rate INCREASED to 23.15% from 22.90% with NO 45 DAY WRITTEN NOTICE PRIOR TO COMING INTO EFFECT. The Plaintiff paid more than the minimum due as well and was not in default under the terms of the Credit Card Act.

26. Total fees charged to the Plaintiff for year 2016 was $4.00 and the total interest charged the Plaintiff was $94.00 by the Defendant(s).

27. For the year 2017 the following violations for account ending in 9011 by the Defendant(s):

28. Statement dated January 24, 2017 the Defendant(s) raised for the SECOND time the INTEREST RATE to 23.40% from 23.15% with NO 45 DAY WRITTEN NOTICE PRIOR TO COMING INTO EFFECT. Also the Defendant(s) have reported to the Plaintiff's Credit Bureaus' that the Plaintiff was over the credit limit when the Plaintiff had not exceeded the credit limit due to charges on the credit card, this caused adverse and negative effects to the Plaintiff's credit.

29. Statement dated April 27, 2017 shows the Defendant(s) changed the billing cycle for the SECOND time. Also the Defendant(s) raised for the THIRD time the INTEREST RATE to 23.65% from 23.40% with NO 45 WRITTEN NOTICE PRIOR TO COMING INTO EFFECT. Defendant(s) also charged the Plaintiff a past due fee of $25.00 when the Plaintiff was not past due. Defendant(s) also reported and furnished to the credit bureaus' that the Plaintiff was over the credit limit by $6.70 and this amount was not from charges to the account. The Plaintiff closed the account about June 2017.

30. Statement dated July 27, 2017 shows the Defendant(s) raised for the FOURTH time the INTEREST RATE to 23.90% from 23.65% with NO 45 DAY WRITTEN NOTICE PRIOR TO COMING TO EFFECT. The total interest charged the Plaintiff for 2017 as of the date of this filing is approximately $69.50, but is subject to change as the account is closed but the Plaintiff continues to make payments on the balance of the account and on time.

### 15 U.S.C. § 1681 THIRD CLAIM FOR RELIEF

31. The Plaintiff claims the following and incorporates the above paragraphs by reference in support of the claims made. TransUnion, Equifax, and Experian are all consumer reporting agencies as legally defined in 15 U.S.C. § 1681a(f).

32. The Consumer Reporting Agencies failed to enforce reasonable procedures to assure the furnishers maintained complete accuracy of the Plaintiff's consumer credit and other relevant information as required by the Fair Credit Reporting Act. The Consumer Reporting Agencies have continually allowed the furnishers to add inaccurate and erroneous data into the trade lines of the Plaintiff's credit reports. The Consumer Reporting Agencies have willfully and recklessly or, negligently, violated 15 U.S.C. § 1681e on multiple occasions which has caused damage and harm to the Plaintiff. The Consumer Reporting Agencies and the Defendant(s), also known to be the subscribers exchanged information about the Plaintiff's trade lines and disputes, see the tape transmissions. The Consumer Reporting Agencies failed to take necessary and reasonable steps to prevent further inaccuracies from entering the Plaintiff's credit file data. Such false data continued to be posted as the Defendant(s) furnished the Consumer Reporting Agencies with such false, inaccurate, and erroneous data.

## PLAINTIFF'S CLAIMS FOR RELIEF

Defendant(s) owe a duty of reasonable care to the Plaintiff for their violations and acts of damage and harm caused. Defendant(s) breached said duty of care through the reporting and re-reporting of inaccurate data and information in the Plaintiff's credit reports, causing irreparable harm in damages to the Plaintiff.

Defendant(s) willfully and intentionally, or alternatively, furnished and published false and inaccurate information or data to the Consumer Reporting Agencies concerning the Plaintiff with disregard for compliance with federal laws. Defendant(s) were notified of the inaccurate information, the increases in the interest rates without the required 45 day written notice, and continued violate the federal laws.

Defendant(s) have willfully and with intent to defame and cause tortious injury and damages to the Plaintiff. The Plaintiff DOES NOT seek punitive damages in this cause of action. Defendant(s) through their actions, inactions, and fault have caused, and continue to cause damages and irreparable tortious injury to the Plaintiff.

WHEREFORE, Plaintiff respectfully request and moves the Court to enter judgement in favor of the Plaintiff and against all named Defendant(s), jointly and severally, and award the Plaintiff all remedy and relief as allowed by law and equity including, but not limited to, the following:

Damages for FCRA violations in the amount of $90,000.00USD.

Damages for negligence in the amount of $25,000.00USD.

Damages for impairment to the Plaintiff's credit rating in the amount of $30,000.00USD

Damage for defamation in the amount of $36,000.00USD.

Treble damages as allowed per TILA and Regulation Z and the Credit Card Act, amount to be determined by the parties.

Actual Damages in the amount of $25,000.00USD.

Compensatory damages in the amount of $12,000.00USD.

Pre-judgment and post-judgment as allowed by the Court.

Plaintiff Legal Fee in the amount of $52,000.00USD.

Any and all cost as permitted by law, and

Such other and further relief as the Court deems proper.

A TRIAL BY JURY IS HEREBY DEMANDED

Respectfully Submitted in Good Faith,

*[Signature: Marcie Salmon]*

Marcie R Salmon
Plaintiff Pro Se
PO BOX 460293
Aurora, CO  80046
Phone: 303-885-7722
Email: Marcie.salmon@yahoo.com